J-A30017-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SHANIQUE WARREN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAMELA A. HEAGY AND BRIGHTBILL | : | |
| TRANSPORTATION, INC. | : | |
| | : | No. 111 EDA 2025 |
| Appellants | : | |

Appeal from the Order Entered August 26, 2024
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 240100294

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.E.:                **FILED JANUARY 13, 2026**

Pamela A. Heagy ("Heagy") and Brightbill Transportation, Inc. ("Brightbill") (collectively, "Appellants") appeal from the order overruling their preliminary objections as to venue. Appellants argue the trial court erred in finding that venue was proper in Philadelphia County because it found that Brightbill regularly conducts business there. After careful review, we reverse and remand with instructions to transfer the case to Lebanon County.

Warren filed a complaint on January 3, 2024, alleging negligence that resulted in a car accident on September 1, 2022. The car accident occurred in Lebanon County between Warren's vehicle and a school bus owned by Brightbill and driven by Heagy. Warren filed suit in Philadelphia County alleging that Brightbill regularly conducts business in Philadelphia County. Appellants filed preliminary objections challenging, inter alia, venue in

Philadelphia County. Discovery was permitted as to venue. On August 26, 2024, the trial court sustained in part and overruled in part Appellants' preliminary objections. As relevant to this appeal, the trial court overruled Appellants' preliminary objections as to venue.

Appellants filed a petition for permission to appeal with this Court; the petition was granted on January 15, 2025. Thereafter, the trial court ordered Appellants to file a Rule 1925(b) statement. Appellants complied and filed their statement on February 11, 2025. The trial court authored its opinion pursuant to Rule 1925(a) on May 5, 2025. *See* Pa.R.A.P. 1925(a), (b).

Appellants raise one issue for our review:

> Did the trial court err, and thereby abuse its discretion, by overruling [Appellants'] preliminary objections to venue in Philadelphia County where Brightbill's business contacts in Philadelphia County were insufficient to establish venue there?

Appellants' Brief, at 4.

Our Supreme Court has detailed the standard of review regarding venue issues as follows:

> The rules governing venue are prescribed in the Pennsylvania Rules of Civil Procedure. Pennsylvania Rule of Civil Procedure 1006(d)(1) gives trial courts considerable discretion to determine whether to grant a change of venue, and such a determination will not be disturbed on appeal absent an abuse of discretion. An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record. An appellate court cannot find an abuse of discretion simply because it might have reached a different conclusion; if there exists any proper basis for the trial court's decision to transfer venue, the decision must stand. When resolving questions of law,

- 2 -

however, our standard of review is de novo and our scope is plenary.

***Hangey v. Husqvarna Professional Products, Inc.***, 304 A.3d 1120, 1141 (Pa. 2023) (citations, italics, and quotation marks omitted).

Rule 1006 provides the groundwork for where venue may be established. Under subsection 1006(a), it is clear venue as to Heagy is only available in Lebanon County. This is because it is undisputed that the accident occurred in Lebanon County and Heagy is a resident of Lebanon County. However, Warren has alleged Brightbill is joint and severally liable for Heagy's actions and therefore venue "may be brought against all defendants in any county in which the venue may be laid against any one of the defendants[.]" Pa.R.C.P. 1006(c).

The trial court found that Philadelphia County is a proper location for venue because Brightbill regularly conducts business in Philadelphia County. ***See*** Trial Court Opinion, 5/5/25, at 5. Brightbill asserts it does not regularly conduct business in Philadelphia County. We therefore confine our analysis to whether the trial court abused its discretion in finding Brightbill regularly conducts business in Philadelphia County.

Rule 2179(a)(2) provides that venue is proper where "the corporation or similar entity regularly conducts business[.]" Pa.R.C.P. 2179(a)(2).

> In determining where a corporation "regularly conducts business," a court must focus on the nature of the acts the corporation allegedly performs in that county; those acts must be assessed both as to their quantity and quality.

> "Quality of acts" means "those directly, furthering or essential to, corporate objects; they do not include incidental acts." Quantity means those acts that are "so continuous and sufficient to be termed general or habitual." The acts of the corporation must be distinguished: those in "aid of a main purpose" are collateral and incidental, while "those necessary to its existence" are "direct."

*Estate of Quigley by Clemson v. Pottstown Hospital, LLC*, 286 A.3d 1240, 1245 (Pa. Super. 2022) (emphasis and citations omitted). Our Supreme Court recently clarified that "the word 'sufficient' in the quantity prong refers to the acts deemed sufficient under the quality prong. It is those sufficient, quality acts that must be performed regularly to satisfy the venue inquiry." *Hangey*, 304 A.3d at 1143-44. "Each case must depend on its own facts." *Id.* at 1142 (brackets and citation omitted).

Brightbill asserts its corporate object is to provide students in Lebanon County and certain surrounding counties with transportation to and from school and activities. *See* Appellant's Brief, at 20. Brightbill points out that it does not have any clients in Philadelphia County and only rarely transports its clients' students into Philadelphia County for field trips. Notably, in the 2023-2024 school year, Brightbill only transported students into Philadelphia County 23 times. *See* Defendant, Brightbill Transportation Inc.'s Opposition to Plaintiff's Motion to Compel, Exhibit A. These trips amount to .0003% of Brightbill's total trips in the 2023-2024 school year. *See id.* Brightbill was not involved in the decision of where their clients decided to send their students for field trips. Furthermore, these 23 field trips only amounted to

- 4 -

approximately $3,581.22 in revenue for Brightbill. *See id.* Their total revenue in the 2023-2024 school year amounts to over 19 million dollars. *See id.*

Brightbill argues transporting students into Philadelphia is incidental to its business as shown by the significant lack of revenue it obtained during the 2023-2024 school year for its 23 trips into Philadelphia. They further assert that they have no contacts whatsoever with Philadelphia, as they do not choose whether students are sent on field trips to Philadelphia County. Finally, because even the revenue obtained from the 23 trips into Philadelphia is paid by customers in Lebanon and Lancaster Counties, Brightbill claims this cannot establish that they regularly conduct business in Philadelphia.

Simply put, Brightbill provides transportation services. But Brightbill does not provide transportation services anywhere to anyone. They do not maintain any contacts with Philadelphia. Brightbill does not have any clients in Philadelphia. Its clients are in Lebanon and Lancaster Counties. We therefore agree with Brightbill that its corporate objective is to provide students with transportation to and from school and activities in Lebanon and Lancaster Counties. Transporting the students to and from their schools are necessary for its existence. However, transporting students into Philadelphia for field trips is merely incidental to their main business of transporting students to and from their schools. Field trips aid in the main purpose but are not required for Brightbill's existence. *See Estate of Quigley*, 286 A.3d at 1245. The minimal income it derives from transporting students on field trips

into Philadelphia, less than .0003% of total trips in a school year, is incidental to its business.

We can readily understand the conscientious effort the trial court made in applying the standards established by our Supreme Court; however, we find that the trial court erred in finding the act of transporting students into Philadelphia for field trips were quality acts under the uncontested facts of this case. They are not essential to Brightbill's corporate objective of transporting students to and from school. They simply aid in its main purpose of providing transportation as directed by its clients, and are therefore incidental acts. As the acts are incidental, they are not quality acts. As such we must find that it was an error of law in finding venue was established in Philadelphia County.

Furthermore, even if these were quality acts, they were not conducted regularly enough to satisfy the quantity portion of the analysis.

> [T]o satisfy the quantity prong of the quantity-quality analysis, acts must be sufficiently continuous so as to be considered habitual. In considering the quantity prong, Pennsylvania appellate courts have often considered the percentage of overall business a defendant company conducts in a county. However, no court has stated that the percentage of a defendant's business is the sole evidence relevant to the quantity analysis. Instead, courts must determine whether all evidence presented, including the scope of a defendant's business, viewed in the context of the facts of the case, establish that a defendant's contacts within the venue satisfy the quantity prong.

***Rosamilia v. Alaska Air Cargo***, 344 A.3d 800, 809 (Pa. Super. 2025) (quotation marks and citations omitted).

As noted above, Brightbill does not decide whether to transport students into Philadelphia. Its clients decide when and to what locations to send its students on field trips. In the 2023-2024 school year, Brightbill's clients paid for trips into Philadelphia for field trips on only 23 occasions. These trips amount to a mere .0003% of Brightbill's total trips in the 2023-2024 school year. The trips are not continuous, and, as admitted by the parties, were significantly reduced during and after the COVID-19 pandemic. These 23 trips in one year were the most trips Brightbill took into Philadelphia since the COVID-19 pandemic. We fail to see how .0003% of Brightbill's trips can qualify as continuous, especially considering Brightbill has no say in where its clients' students are sent for field trips. Brightbill will not go out of business if its clients choose not to send any students into Philadelphia for field trips.

We therefore find the trial court erred in its application of both the quality and quantity prongs of the regularly conducts business venue analysis. As such, we reverse the order of the trial court overruling Appellants' preliminary objection as to venue and remand for this case to be transferred to Lebanon County.

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/13/2026